## PEOPLE *v.* GARDNER

CRIMINAL LAW—ASSISTANCE OF COUNSEL—CONFLICT OF INTEREST.
Appointed counsel in case of defendant charged with violation of parole *held,* not to have had a conflict of interest prejudicial to defendant's interests by reason of having negotiated for a position in prosecutor's office, where there is no evidence that such negotiations took place before defendant's plea of guilty.

Appeal from Genesee, Papp (Elza H.), J. Submitted Division 2 November 13, 1968, at Lansing. (Docket No. 5,212.) Decided November 26, 1968.

Kenneth F. Gardner was convicted of breaking and entering with intent to commit larceny. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*James Kay Sutherland, Jr.,* for defendant on appeal.

PER CURIAM. Defendant pleaded guilty to a charge of breaking and entering, CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305), and was sentenced to 3 years

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 315, 318 *et seq.*

probation on February 6, 1967. The crime took place on December 4, 1966.

On October 16, 1967, defendant was arrested for a violation of his probation and was sentenced to a term of 5–1/2 to 10 years. Appeal was brought.

Defendant alleges that his court appointed trial attorney had a conflict of interest in that he was in the process of negotiating for a position in the prosecutor's office. Between the time of plea and sentencing, the attorney, by motion, requested that he be relieved from the case. Defendant was sentenced hours before the motion was granted.

There being no evidence that the attorney's negotiation for a position in the prosecutor's office took place before the plea of guilty, we find no prejudice to defendant therefrom. The cases cited by defendant relating to gross misconduct on the part of defense counsel have no application to the record before us.

Affirmed.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.